UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAQUELINE AHLERS, CATHY GEBHARDT-LALLY and PATRICK WITT, *individually, and on behalf of all others similarly situated*,

Plaintiff,

v.

ALLINA HEALTH SYSTEM,

Defendant.

Case No. 24-cv-3674 (SRN/ECW)

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

---

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... **ii**

ARGUMENT ..... 1

I. The Complaint Should Be Dismissed as to Unauthenticated and Authenticated Websites. ..... 1

A. *AHA* Supports Dismissal of Plaintiffs' Claims Regarding Unauthenticated Public Websites. ..... 1

B. Plaintiffs' Claims Related to MyChart Are Not Plausible. ..... 2

II. Rule 8. ..... 2

III. Plaintiffs Fail to State a Claim. ..... 3

A. MHRA. ..... 3

B. Invasion of Privacy ..... 3

1. Intrusion Upon Seclusion. ..... 3

2. Publication of Private Facts. ..... 4

C. Breach of Implied Contract. ..... 5

D. Unjust Enrichment. ..... 6

E. Breach of Fiduciary Duty. ..... 6

F. Negligence. ..... 7

G. ECPA. ..... 8

H. MUDTPA. ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Saadoon v. Barr*,
973 F.3d 794 (8th Cir. 2020) .......... 2

*Amann v. Allianz Income Mgmt. Servs., Inc.*,
No. A09-1891, 2010 WL 3220061 (Minn. Ct. App. Aug. 17, 2010) .......... 6

*Am. Hosp. Ass'n v. Becerra*,
738 F.Supp.3d 780 (N.D. Tex. 2024) .......... 1

*Ashley v. Pfizer*,
552 F.3d 659 (8th Cir. 2009) .......... 3

*Azarax v. Syverson*,
398 F.Supp.3d 425 (D. Minn. 2019) .......... 5

*Bodah v. Lakeville Motor Express, Inc.*,
663 N.W.2d 550 (Minn. 2003) .......... 4

*Carlsen v. GameStop, Inc.*,
833 F.3d 903 (8th Cir. 2016) .......... 6

*Cieslack v. Easly*,
No. 17–2338, 2018 WL 2926502 (D. Minn. June 11, 2018) .......... 4

*Cousin v. Sharp Healthcare*,
681 F.Supp.3d 1117 (S.D. Cal. 2023) .......... 7, 8

*Franklin v. Carpenter*,
244 N.W.2d 492 (Minn. 1976) .......... 5

*Furlow v. Madonna*,
No. A19-0987, 2020 WL 413356 (Minn. Ct. App. Jan. 27, 2020) .......... 3

*In re Google, Inc. Priv. Pol'y Litig.*,
58 F.Supp.3d 968 (N.D. Cal. 2014) .......... 4

*In re Grp. Health Plan Litig.*,
709 F.Supp.3d 707 (D. Minn. 2023) .......... 7

*Gurman v. Metro Hous. & Redevelopment*,
842 F.Supp.2d 1151 (D. Minn. 2011) .......... 2

*Hageman v. Accenture LLP*,
No. 10–1759, 2010 WL 3749246 (D. Minn. Sept. 21, 2010) .......... 8

*Hall v. Centerspace, LP*,
No. 22-cv-2028, 2023 WL 3435100 (D. Minn. May 12, 2023) .......... 6, 7

*Jaskulske v. State Farm*,
No. 14-869, 2014 WL 5530758 (D. Minn. Nov. 3, 2014) .......... 9

*Kurowski v. Rush Sys. for Health*,
659 F.Supp.3d 931 (N.D. Ill. 2023) .......... 4, 8

*Loeffler v. City of Anoka*,
No. 13–CV–2060, 2014 WL 4449674 (D. Minn. June 24, 2014) .......... 4

*Mekhail v. N. Mem'l Health Care*,
726 F.Supp.3d 916 (D. Minn. 2024) .......... 4, 5

*Okash v. Essentia Health*,
No. 23-482, 2024 WL 1285779 (D. Minn. Mar. 26, 2024) .......... 3

*Okash v. Essentia Health*,
No. 23-482, 2025 WL 642913 (D. Minn. Feb. 27, 2025) .......... 8

*Swenson v. Bender*,
764 N.W.2d 596 (Minn. Ct. App. 2009) .......... 6, 7

**Statutes**

Fed. R. Civ. P. 11 .......... 2

Fed. R. Civ. P 12(d) .......... 2

## ARGUMENT

### I. The Complaint Should Be Dismissed as to Unauthenticated and Authenticated Websites.

As the Complaint does not plausibly allege Defendants' use of tracking technologies within the MyChart Portal, and under *AHA*, it cannot survive based on the unauthenticated website allegations, the Complaint should be dismissed in its entirety.

#### A. *AHA* Supports Dismissal of Plaintiffs' Claims Regarding Unauthenticated Public Websites.

*Am. Hosp. Ass'n v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024) held that a website visitor's interaction with an unauthenticated public website ("UPW") is not individually identifiable health information ("IIHI") if the user's interaction does not reveal (1) the identity of the individual, and (2) whether that individual's subjective intent in visiting the webpage relates to *their* healthcare. *AHA*, 738 F.Supp.3d at 801–04 (emphasis original).

Plaintiffs fail to plausibly allege that Allina knows a user's identity, nor do they allege that Allina knows a user's motive for visiting the website. Instead, Plaintiffs admit that Allina's use of tracking technologies only "permits an inference." (Doc. 42 at 9.) An "inference" is insufficient. *See AHA*, 738 F.Supp.3d at 803 ("'reasonable basis' must mean *something* . . . , it assuredly does not include information that, at most, supports an 'inference'").

Therefore, Plaintiffs' complaint must be dismissed to the extent it is based upon interactions on Allina's UPW.

### B. Plaintiffs' Claims Related to MyChart Are Not Plausible.

Plaintiffs are obligated to either investigate or omit their allegations. *See* Fed. R. Civ. P. 11. Despite admitting that they do not know if tracking technologies are in MyChart, Plaintiffs assert they should be able to engage in discovery on that issue. Plaintiffs do not explain why they could not use the same methods to uncover tracking technologies that they used for the UPW. Instead, Plaintiffs critique Allina for not introducing unalleged facts into its brief. (*See* Doc. 42, 6.) Such an introduction would be improper because this is a motion to dismiss. *See* Fed. R. Civ. P 12(d). The Court should dismiss this case to the extent it is based upon MyChart.

## II. Rule 8.

Plaintiffs' use of ambiguous defined terms runs afoul of Rule 8. Plaintiffs admit that part of their defined "Private Information" term is not protected by law. (*See* Doc. 42, 10–11.) Therefore, when Plaintiffs use the term "Private Information," Allina and the Court must guess whether Plaintiffs are alleging something Plaintiffs agree is permissible or not. Illustrating this flaw, Plaintiffs' brief changes to typically using "PHI and PII." Briefing cannot cure the Complaint's flaws. *See Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020). The Court should not endorse Plaintiffs' kitchen sink pleading approach in contravention of Rules 8 and 11. *See Gurman v. Metro Hous. & Redevelopment*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011).

## III. Plaintiffs Fail to State a Claim.

### A. MHRA.

Browsing data from Allina's UPW does not satisfy any part of the three part definition of "health record" under the MHRA. It cannot *relate to* a patient's (1) health condition, (2) treatment, or (3) payment for health care, because the identity of the user is not known, and the subjective reason for the user's visit is not known. Even if browsing data from a UPW could give rise to an "inference" regarding Plaintiffs' identity and subjective intent, "inferences" do not constitute "health records" under the MHRA. *See Furlow v. Madonna*, No. A19-0987, 2020 WL 413356, at *2–3 (Minn. Ct. App. Jan. 27, 2020); *see also Ashley v. Pfizer*, 552 F.3d 659, 673 (8th Cir. 2009) ("It is not the role of a federal court to expand state law in ways not foreshadowed by state precedent.") (cleaned up). Plaintiffs have failed to allege disclosure of any health records; their MHRA claim should be dismissed.

### B. Invasion of Privacy.

#### 1. Intrusion Upon Seclusion.

The defendant cannot have "intruded" when a plaintiff intentionally shares information with them. (Doc. 42, 11–12.) Plaintiffs argue their communications were involuntary because Allina's use of tracking technologies was allegedly secretive. This statement is not plausible; Allina's Privacy Policy publicly disclosed the use of tracking technologies. (Doc. 37-2.) Regardless, Plaintiffs cite no law for their contention that a defendant's representation that it would not share information satisfies the intrusion element. Courts routinely dismiss intrusion claims in Pixel cases. *See Okash v. Essentia*

*Health* ("*Okash I*"), No. 23-482, 2024 WL 1285779, at 7 & n.9 (D. Minn. Mar. 26, 2024) (collecting cases).

Allina's alleged conduct is also not "highly offensive" as a matter of law. Plaintiffs ignore Minnesota's requirement of a "high threshold" to state an invasion of privacy claim. *Loeffler v. City of Anoka*, No. 13–CV–2060, 2014 WL 4449674, at *25 (D. Minn. June 24, 2014). Plaintiffs only plausibly pleaded sharing browsing data which is not "highly offensive" as a matter of law. *See Kurowski v. Rush Sys. for Health*, 659 F.Supp.3d 931, 944 (N.D. Ill. 2023); *In re Google, Inc. Priv. Pol'y Litig.*, 58 F.Supp.3d 968, 988 (N.D. Cal. 2014).

### 2. Publication of Private Facts.

Plaintiffs' Complaint fails to allege dissemination to the public at large. *See Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 557 (Minn. 2003); *Cieslack v. Easly*, No. 17–2338, 2018 WL 2926502, at *2 (D. Minn. June 11, 2018). The Complaint alleges that information was shared with Facebook and unnamed third parties. (Doc. 30, ¶¶ 9, 17, 20, 112–13, 120.) Plaintiffs do not plead that Facebook or Google shared Plaintiffs' information with the public, but instead argue that Facebook and Google used the information to target *Plaintiffs themselves* with advertisements. Plaintiffs have failed to plausibly allege the information was substantially certain to become public knowledge or was transferred to enough third parties to constitute "publicity" under Minnesota law. *Bodah*, 663 N.W.2d at 557–59; *Cieslack*, 2018 WL 2926502, at *2; *see also Mekhail v. N. Mem'l Health Care*, 726 F.Supp.3d 916, 936 (D. Minn. 2024).

### C. Breach of Implied Contract.

There are no factual allegations that plausibly show that Allina agreed not to use tracking technology on its website. *See Azarax v. Syverson*, 398 F.Supp.3d 425, 435 (D. Minn. 2019). Allina's Privacy Policy states that the UPW uses tracking technology and may use collected information to tailor advertising on Allina's website or other websites, and that by using Allina's website, the user consents to Allina "collect[ing], us[ing], disclos[ing], and transfer[ing] your information as described in this Policy[.]" (Doc. 37-2, 2.)

As to the information that Plaintiffs may have provided through MyChart, Plaintiffs have failed to plausibly allege such information was shared: they do not specifically allege the sharing of such information, and they further concede that they cannot allege that tracking pixels are inside the portal.

Plaintiffs also fail to allege facts showing that they used Allina's website in exchange for Allina treating them. *See Franklin v. Carpenter*, 244 N.W.2d 492, 495 (Minn. 1976) ("When there is a lack of consideration, no valid contract is ever formed."). Any contract related to care is separate from Plaintiffs' use of the UPW. *Cf. Mekhail*, 726 F.Supp.3d at 929 (dismissing MCFA claim because plaintiff's allegations about website are separate from any care received). Plaintiffs' conclusory allegations that their information had financial value are without merit for the reasons previously stated. (Doc. 36, 18-19.) Finally, Plaintiffs incorrectly summarized *Mekhail* as "finding breach of contract claim," (Doc. 42 at 19); *Mekhail* addressed an unjust enrichment claim. *Mekhail*, 726 F.Supp.3d at 937.

### D. Unjust Enrichment.

Plaintiffs must allege an uncompensated benefit for their unjust enrichment claim. *See Amann v. Allianz Income Mgmt. Servs., Inc.*, No. A09-1891, 2010 WL 3220061, at *5 (Minn. Ct. App. Aug. 17, 2010). Plaintiffs do not dispute that any "plausibly alleged exchange" was the provision of healthcare services in exchange for payment. Here, as in *Hall v. Centerspace, LP*, No. 22-cv-2028, 2023 WL 3435100, at *6-7 (D. Minn. May 12, 2023), Plaintiffs do not allege that those who provide data pay more for Allina's services than those who do not. This is fatal to Plaintiffs' claim. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016) (rejecting theory that subscriber fee amounted to a benefit conferred in exchange for protection of PII). Coupled with Plaintiffs' failure to allege Allina's appreciation of a benefit, the conclusory allegations surrounding the alleged inequitable retention, and that the Complaint demonstrates Plaintiffs benefited from their use of the website, Plaintiffs fail to allege sufficient facts to plausibly allege their unjust enrichment claim.

### E. Breach of Fiduciary Duty.

Plaintiffs rely on one Indiana state court case to propose a substantial expansion of Minnesota law, but the fact remains that ***no*** Minnesota court has recognized a fiduciary relationship between a healthcare provider and a patient. (*See* Doc. 42, 25.) Plaintiffs' theory would extend a fiduciary duty to every individual that accesses Allina's UPW, for any purpose, as Allina has no method to differentiate patients from users on its UPW. *See Swenson v. Bender*, 764 N.W.2d 596, 603 (Minn. Ct. App. 2009) (rejecting proposal to

expand fiduciary duty). The Court should reject Plaintiffs' theory. *See id.*; *In re Grp. Health Plan Litig.*, 709 F.Supp.3d 707, 716 (D. Minn. 2023).

Regardless of Plaintiffs' characterizations of "Private Information," they are unable to demonstrate a fiduciary duty relating to Allina's UPW as a matter of law. Allina's relationship with Plaintiffs constitutes a commercial relationship when Plaintiffs are interacting with Allina's UPW. Plaintiffs' breach of fiduciary duty claim should be dismissed.

**F. Negligence.**

Plaintiffs' characterization of their browsing history as "health records" does not establish a duty, because Allina's UPW does not require a user to identify as a patient to access it. *See Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117, 1124 (S.D. Cal. 2023) ("Plaintiffs cannot maintain their claims based upon the theory that Defendant's sharing of their browsing activity, collected on its publicly facing website, is a disclosure of their sensitive medical information."). Plaintiffs rely on *Grp. Health* to support this characterization. Allina urges the Court to reject this line of reasoning. (Doc. 42 at 28.) An unauthenticated user's identity and subjective intent cannot be determined, therefore PHI or "health records" cannot be created through browsing history.

Plaintiffs' generalized allegations of injury also fail to plead damages. (Doc. 30 ¶¶ 24, 45, 59, 71, 371.) Plaintiffs' reliance on *Hall* is misplaced. (Doc. 42 at 31.) *Hall* involved a data breach of bank account and social security information, and the court noted that "monitoring and lost time" may be "cognizable" as damages at the motion to dismiss stage. 2023 WL 3435100, *7-8. In Pixel cases, many courts have rejected Plaintiffs' conclusory

allegation that their browsing history is PHI or PII. *See Cousin*, 681 F.Supp.3d at 1124; *Kurowski*, 659 F.Supp.3d at 939.

**G. ECPA.**

Allina is not liable under the ECPA because it was a party to Plaintiffs' communications. *See Okash v. Essentia Health*, No. 23-482, 2025 WL 642913, at *3–4 (D. Minn. Feb. 27, 2025) ("*Okash II*") (dismissing similar ECPA with prejudice); *Kurowski*, 659 F.Supp.3d at 937–39.

Even if the Complaint adequately pleaded a violation of HIPAA—it did not—the crime-tort exception is not applicable, because it only applies where the illegal act is "independent from the act of recording itself." *Okash II*, 2025 WL 642913, at *3 (citation omitted). Plaintiffs allege Allina's interception and disclosure occurred in a single action, which violated other laws. (Doc. 32, 34–35.) Even if Allina committed these violations (it did not), they occurred in the same action as the alleged ECPA violation. This is not "independent" and would write the party-exception out of the statute.

Plaintiffs do not plausibly allege that tracking technology intercepted the contents of Plaintiffs' confidential communications. *See Cousin*, 681 F.Supp.3d at 1130 (rejecting virtually identical allegations amount to "contents" of communications).

**H. MUDTPA.**

"'[E]ven named plaintiffs who represent a class must allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Hageman v. Accenture LLP*, No. 10–1759, 2010 WL 3749246, at *3 (D. Minn. Sept. 21, 2010)

(citations omitted). Plaintiffs allege that they used the unauthenticated website to "search[] for physicians and terms related to medical conditions/treatment." (Doc. 42, 13-14.) These generalized allegations do not plausibly show a disclosure of confidential medical information.

Plaintiffs fail to explain how they are likely to suffer future harm caused by Allina's allegedly deceptive practices that could be remedied by injunctive relief, the only relief available.[1] Even if Plaintiffs plausibly alleged they are harmed by the sharing of data with third parties, any injunction against Allina cannot redress harm from third parties' possession of it. As Plaintiffs are aware of Allina's practices, they cannot plausibly plead they will be misled and harmed again. *See Jaskulske v. State Farm*, No. 14-869, 2014 WL 5530758, at *6 (D. Minn. Nov. 3, 2014).

## CONCLUSION

The Court should grant Allina's Motion to Dismiss.

[1] Plaintiffs do not dispute that any claim for monetary damages under MUDTPA must be dismissed.

Dated: May 1, 2025

*s/ Nicole M. Moen*
Nicole M. Moen (#0329435)
Geoffrey Koslig (#0402717)
Maliya G. Rattliffe (#0401993)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Ste. 1500
Minneapolis, MN 55402-4400
Phone: (612) 492-7000
Fax: (612) 492-7077
nmoen@fredlaw.com
gkoslig@fredlaw.com
mrattliffe@fredlaw.com

***Attorneys for Defendant***
***Allina Health System***