**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| JACQUELINE AHLERS, CATHY GEBHARDT-LALLY and PATRICK WITT, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLINA HEALTH SYSTEM,<br><br>Defendant. | Case No. 0:24-cv-03674-SRN-ECW<br><br>**JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

We, David Almeida and Britany Wessan of Almeida Law Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and Grayson Wells of Stranch, Jennings & Garvey, PLLC (collectively "Class Counsel"),[1] being competent to testify, make the following declaration:

1. I, David Almeida, am the founding and Managing Partner of the law firm Almeida Law Group LLC and a licensed attorney in the state of Illinois.

2. I, Britany Wessan, am a Partner of the Almeida Law Group and a licensed attorney in Illinois.

3. I, Brandon Wise, am a Partner of Peiffer Wolff Carr Kane Conway & Wise, LLP and am a licensed attorney in the state of Missouri.

[1] Unless otherwise indicated, capitalized terms refer to and have the same meaning as those set forth in the Settlement Agreement.

4. I, Andrew Tate, am Of Counsel at Pieffer Wolff Carr Kane Conway & Wise, LLP and am a licensed attorney in the state of Georgia.

5. I, Grayson Wells, am a Partner at Stranch, Jennings & Garvey, PLLC and a licensed attorney in Tennessee.

6. We submit this declaration in support of *Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement*. Except as otherwise noted, we have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

**PROCEDURAL HISTORY**

7. On September 16, 2024, Plaintiff Jacqueline Ahlers commenced this putative class action lawsuit by filing a complaint in the United States District Court for the District of Minnesota. The material allegations of the complaint center on Defendant's alleged installation, configuration, and use of invisible third-party tracking technologies including the Meta Pixel and Google Analytics ("Tracking Technologies") on its Websites to divulge Private Information without patients' consent.

8. On March 13, 2025, Defendant filed its Motion to Dismiss, which Plaintiffs opposed on April 10, 2025. The Motion was fully briefed as of May 1, 2025.

9. Thereafter, given the risk, expense, and delay of continued litigation, the Parties agreed to conduct formal settlement negotiations.

10. Prior to participating in mediation, the Parties exchanged key information to inform their negotiations, including through informal discovery.

11. The Parties participated engaged in full-day mediation before Mr. Jerry P. Roscoe, Esq. of JAMS Mediation, Arbitration, and ADR Services. on November 18, 2025.

12. After the initial mediation was unsuccessful, the Parties engaged in a second, full-day mediation before Mr. Roscoe on February 4, 2026.

13. After vigorous, arms' length negotiations over several months, the Parties were able to come to a settlement in principle on February 4, 2026, that resolved Plaintiffs' and the Class's claims in this Action.

14. Thereafter, the Parties worked cooperatively to finalize and execute the comprehensive written Settlement Agreement.

**THE SETTLEMENT AGREEMENT PROVIDES SIGNIFICANT BENEFITS TO THE SETTLEMENT CLASS**

15. Class Counsel ultimately negotiated a comprehensive Agreement, which includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy-to-understand claims process.

16. The Settlement provides for Defendant's commitment to establishing a non-reversionary cash Settlement Fund of $12,500,000—consisting of the (a) Group 1 Settlement Fund, a non-revisionary common fund in the amount of $10,303,098; and (b) Group 2 Settlement Fund, a non-revisionary common fund in the amount of $2,196,902.

17. The Settlement Class is Defined as: "All Group 1 Settlement Class Members and Group 2 Settlement Class Members." The Settlement Class consists of approximately 2,531,323 members. Group 1 Settlement Class Members means Settlement Class Members who were portal users, non-portal bill pay users, and non-portal scheduling users between

September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 1,585,092 Settlement Class Members. Additionally, Group Settlement 2 Class Members means Settlement Class Members who were non-portal/non-bill pay/non-scheduling patients between September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 946,231 Settlement Class Members.

18. Under the Settlement Agreement, Group 1 Settlement Class Members may submit a claim and the Settlement Administrator will make *pro rata* Settlement payments from the Group 1 Settlement Fund. Similarly, Group 2 Settlement Class Members may submit a claim and the Settlement Administrator will make *pro rata* from the Group 2 Settlement Fund.

**THE NOTICE PLAN IS THE BEST PRACTICABLE**

19. The Settlement Administrator, Atticus Administration, LLC, will be responsible for issuing Notice according to the Settlement's terms.

20. The Settlement proposes a Notice plan requiring direct notice to be emailed or mailed to each Settlement Class Member.

21. The Notice program provides the best practicable method to reach the potential Class Members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters, including a Short Form Notice to be emailed by the Settlement Administrator to the Settlement Class (SA Exhibit B) and a Long Form Notice (SA Exhibit C) to be posted on the Settlement Website..

22. For the purposes of effectuating individualized notice, the primary form of notice shall be via electronic mail, but if any Settlement Class Member does not have an associated email address, notice shall be via U.S. mail. Both the Short Form Notice and Long Form Notice are written in plain language such that they will be readily understandable to the Settlement Class, and summarize the Parties' positions in litigation, the terms of the Settlement, instructions on how to object and opt-out from the Settlement, the claims process, and stating the requested attorneys' fees and costs, the requested service awards, and the date, time, and place of the Final Approval Hearing, as set by the Court.

23. The Settlement Administrator shall also establish a Settlement Website, which will include, among other things, the Settlement Agreement, relevant pleadings, the Long Form Notice, any relevant Court orders regarding the Settlement, and a list of frequently asked questions mutually agreed upon by the Parties.

24. Under the Notice Plan, the Parties expect virtually all Settlement Class Members to receive direct notice and will engage in other means if it becomes apparent that some Settlement Class Members have not received notice. Class Counsel believes the proposed Notice plan represents the best practicable notice to Settlement Class Members and satisfies all due process considerations and meets the requirements of Fed. R. Civ. P. 23.

## REQUEST FOR SERVICE AWARD AND ATTORNEYS' FEES AND EXPENSES

25. Under the Settlement Agreement, Plaintiffs' Counsel may move the Court for an award of attorneys' fee and expenses of up to one-third of the settlement fund

($4,166,666.67), litigation expenses and costs, and for payment of a Service Award to the Settlement Class Representatives of $3,500 each.

26. The Parties did not discuss Attorneys' Fees or any Service Award until after agreeing on the material terms of the Settlement, including the Settlement Class definition, Settlement Class Benefits, and the Releases.

27. The Settlement is not contingent on the Court's approval of the payment of any attorneys' fees or expenses.

28. Plaintiffs have demonstrated that they are well-suited to represent the Settlement Class. Plaintiffs' interests are aligned with those of the Settlement Class; their claims are identical to the Settlement Class; and Plaintiffs have no conflict with the Settlement Class.

29. Plaintiffs came forward prior to the filing of the initial complaint and have been involved in this Action since that time, including providing information for the Complaint, reviewing pleadings, and participating in settlement discussions. Plaintiffs have vigorously prosecuted this case for the benefit of all Class Members.

30. Moreover, Plaintiffs and their counsel have devoted considerable time and resources to this litigation and have shown a deft understanding of the issues in this Action and believe this Settlement will make Class Members whole.

31. Additionally, proposed Class Counsel is well qualified to represent the Settlement Class. Class Counsel have been involved in this case since before the Complaint was filed and have conducted a significant pre-suit investigation, gathered documents and other relevant information, and researched the claims and defenses presented here.

32. Class Counsel possess significant experience leading the prosecution of complex class action matters, including numerous pixel and other privacy class actions nationwide. Our significant experience affords us deep knowledge of the claims and defense common in privacy litigation. Class Counsel has ample resources to prosecute this action and does not rely on outside funding.

33. Class Counsel has a wealth of experience litigating and settling cases of this type and have diligently and efficiently investigated and prosecuted this Action, dedicated substantial resources toward the endeavor, and have successfully and fairly negotiated the Settlement Agreement for the benefit of all Class Members. The Almeida Law Group LLC Firm Resume is attached as Exhibit 1, the Peiffer Wolf Carr Kane Conway & Wise, LLP Firm Resume is attached as Exhibit 2, and the Stranch, Jennings & Garvey, PLLC Firm Resume is attached as Exhibit 3.

**THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

34. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length.

35. Throughout the subsequent settlement negotiations and mediations, the Parties have engaged in hard-fought and arms'-length discussions.

36. Although Counsel and Plaintiffs strongly believe in the merits of this case, Plaintiffs and their Counsel understand the risk of prolonged litigation, especially consumer class actions involving Tracking Technologies, which represent a novel line of

cases. The case law for online tracking and Pixel cases remains new, and the result has been inconsistent ruling from courts around the country on similar factual circumstances. Moreover, these cases present highly technical questions that require counsel to invest in experts.

37. Given the complexity, expense, and uncertainty of continued litigation, and given the substantial recovery for the Class, Class Counsel believes the proposed Settlement easily meets the reasonableness, fairness, and adequacy requirements of the Rules of Procedure.

Dated: May 8, 2026

Respectfully submitted,

By: *<u>/s/ David S. Almeida</u>*
David S. Almeida
Britany A. Wessan
**ALMEIDA LAW GROUP LLC**

By: *<u>/s/ Brandon M. Wise</u>*
Brandon M. Wise
Andrew Tate
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

By: *<u>/s/ Grayson Wells</u>*
Grayson Wells
**STRANCH, JENNINGS & GARVEY, PLLC**

***Settlement Class Counsel***