**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **JACQUELINE AHLERS**, **CATHY GEBHARDT-LALLY**, and **PATRICK WITT**, *individually, and on behalf of all others similarly situated*,<br><br>                       Plaintiffs,<br><br>v.<br><br>**ALLINA HEALTH SYSTEM**,<br><br>                       Defendant. | Case No. 24-CV-3674 (SRN/ECW)<br><br>**PRELIMINARY APPROVAL ORDER** |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion seeks approval of the Parties' Class Action Settlement Agreement,[1] which has been submitted to the Court along with the Motion. Having considered the Motion, the Settlement, and being duly advised, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) through (d).

2.     **Definition of the Settlement Class**. Under the Settlement, the Parties agree to certification of the following Settlement Class for purposes of settlement only. All Group

---

[1] All defined terms in this Preliminary Approval Order have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1

1 Settlement Class Members and Group 2 Settlement Class Members. Group 1 Settlement Class Members means Settlement Class Members who were portal users, non-portal bill pay users, and non-portal scheduling users between September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 1,585,092 Settlement Class Members. Group 2 Settlement Class Members means Settlement Class Members who were non-portal/non-bill pay/non-scheduling patients between September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 946,231 Settlement Class Members. The Settlement Class specifically excludes: (a) Defendant and its respective officers and directors; (b) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; and (c) the Judge and/or magistrate assigned to evaluate the fairness of this settlement.

3.    **Certification of the Settlement Class**. The Court finds for settlement purposes only that certification of the Settlement Class is appropriate and the Settlement Class meets the four requirements of Federal Rule of Civil Procedure 23(a). Specifically, the Court finds for settlement purposes only that:

a.    The Settlement Class is so numerous that joinder of all members is impracticable, as there are millions of members;

b.    There are questions of law or fact common to the Settlement Class that predominate over any questions affecting only individual members based upon the claims raised in the lawsuit;

c.      The Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

d.      A class action is an appropriate method for the fair and efficient adjudication of this controversy.

4.      **Appointment of Settlement Class Representatives and Settlement Class Counsel**. The Court appoints Plaintiffs Jacqueline Ahlers, Cathy Gebhardt-Lally, and Patrick Witt as Class Representatives and David Almeida and Britany Wessan of Almeida Law Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Class Counsel.

5.      **Preliminary Approval of the Settlement**. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise between the Settlement Class and Defendant under the circumstances of this case. The Court, therefore, preliminarily approves the Settlement and directs the Parties to the Settlement to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered by such preliminary approval. In making this determination, the Court has considered:

(1)     the strength of the case for Plaintiffs on the merits, balanced against the money or other relief offered in settlement;

(2)     the complexity, length, and expense of further litigation;

(3)     the absence of collusion in reaching a settlement;

(4)     the opinion of competent counsel; and

(5)     the stage of proceedings and the amount of discovery completed.

6.      **Appointment of the Settlement Administrator**. The Court appoints Atticus Administration, LLC, as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement.

7.      **Notice of the Settlement to Class Members**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, Fed. R. Civ. P. 23(e)(1); and (e) meet the requirements of Due Process. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement. Non-material modifications to the notices may be made by the Settlement Administrator in consultation and agreement with the parties, and without further order of the Court.

8.      **Class Members' Rights to Object to the Settlement**. Any Settlement Class Member who has not excluded themselves from the Settlement and who wishes to object to the proposed Settlement must timely file electronically or in hard copy with the Clerk of the Court, or mail to the Court's clerk's office, a written objection(s) to the Settlement ("Objection(s)"). Each Objection must: (a) include the case name and number of the Action; (b) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (c) contain the Settlement Class Member's personal and original signature; (d) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (e) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (f) state whether the Objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (g) set forth a statement of the legal and/or factual basis for the Objection; (h) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three years; and (i) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

To be timely, written notice of an Objection in the appropriate form must be mailed, with a postmark date no later than one week after 60 Days from the Notice Date to Defendant's Counsel and Class Counsel at the following addresses:

<u>To Defendant's Counsel:</u>

Nicole Moen
Maliya Rattliffe
Geoffrey Koslig
Fredrikson & Byron P.A.
60 South Sixth Street
Suite 1500
Minneapolis, MN 55402-4400

<u>To Class Counsel:</u>

David Almeida
Britany Wessan
Almeida Law Group
849 W. Webster Avenue
Chicago, IL 60614

Brandon Wise
Andrew Tate
Peiffer Wolf Carr
Kane Conway & Wise
One US Bank Plaza, Suite 1950
St. Louis, MO 63101

Grayson Wells
Stranch, Jennings & Garvey PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203

Class Counsel is also directed to file all Objections Class Counsel receives as an exhibit to Plaintiffs' motion for final approval.

9.      **<u>Class Members' Rights to Opt-Out of the Settlement</u>.** Each Person wishing to opt out of the Settlement Class shall individually sign and timely mail written notice of such intent to the designated Post Office box established by the Settlement Administrator ("Opt-Outs"). The written notice must: (a) identify the case name and number of this Action; (b) state the Settlement Class Member's full name, address, and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded

from the Settlement Class; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. To be effective, written notice must be postmarked no later than one week after the Opt-Out Deadline.

10.     All Opt-Outs must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion. Any Opt-Out purporting to seek exclusion on behalf of more than one Settlement Class Member is invalid and will not be deemed an effective Opt-Out by the Settlement Administrator.

11.     All Settlement Class Members who timely Opt-Out of the Settlement Class shall not receive any Settlement Class Member Payment and will not be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

12.     **<u>Approval of the Claims Process</u>**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement

but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.     **Termination of the Settlement**. If the Settlement is terminated pursuant to its terms, this Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement.

14.     **Use of This Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16.    **Final Approval Hearing**. An in-person Final Approval Hearing shall be held as set forth in the schedule below on Thursday, September 24, 2026, at 9:30 a.m. (Courtroom 7B), at the Warren E. Burger Federal Building and U.S. Courthouse, 316 Robert Street North, Saint Paul, Minnesota, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (d) the application of the Class Representatives for Service Awards should be approved. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.    **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Deadline |
|---|---|
| Defendant to provide Class Member information to Settlement Administrator | Within 14 Days of entry of Preliminary Approval Order |
| Deadline for Settlement Administrator to begin sending Short Form Notice | Within 30 Days of entry of Preliminary Approval Order |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Award to be filed by Settlement Class Counsel | At least 14 Days prior to Opt-Out/ Objection Dates |
| Opt-Out/Objection Date Deadlines | 60 Days from Notice date |
| Settlement Administrator to provide Parties with list of timely, valid Opt-Outs | 10 Days after Opt-Out Deadline |
| Claims Deadline | 90 Days after Notice date |
| Motion For Final Approval to be filed by Class Counsel | At least 14 Days prior to the Final Approval Hearing |
| Final Approval Hearing | Thursday, September 24, 2026, 9:30 a.m. |

**DONE AND ORDERED** on this 11th day of  May, 2026.

*s/ Susan Richard Nelson*
Susan Richard Nelson
United State Court Judge