**UNITED STATES DISTRICT COURT**

**District of Minnesota**

Jacqueline Ahlers, Cathy Gebhardt-Lally, Patrick Witt

Plaintiffs,

v.

Allina Health Systems

Defendant.

**JUDGMENT IN A CIVIL CASE**

Case Number: 24-cv-03674-SRN-ECW

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. This Final Approval Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this order have the same meanings as those set forth in the Settlement Agreement.

**Class Certification and Final Approval of the Settlement**

2. The terms of the Settlement Agreement are fair, adequate, and reasonable.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all those entitled to notice. The Notice and Notice Program fully satisfied the requirements of law, Fed. R. Civ. P. 23(e)(1); and Due Process. The Claim Process is also fair, and the Claim Form is easily understandable.

4. Based on the information presented to the Court, the Claim's Deadline has passed but the validation process is ongoing and has proceeded consistent with the Settlement Agreement and the Preliminary Approval Order. All Settlement Class Members who submit Approved Claims shall receive their Settlement Class Member benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

5. The distribution plan for Settlement Class Member benefits proposed by the Parties in the Settlement Agreement is fair, reasonable, and adequate, and is the best practicable distribution plan in this case.

6. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

7. Because the Court grants Final Approval of the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

8. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

9. The appointment of Plaintiffs Jacqueline Ahlers, Cathy Gebhardt-Lally, and Patrick Witt as Class Representatives and David Almeida and Britany Wessan of Almeida Law Group LLC, Brandon Wise and Andrew Tate of Peiffer Wolf Carr Kane Conway & Wise, LLP, and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Class Counsel is affirmed.

10. The Court reaffirms the appointment of Atticus Administration, LLC as the Settlement Administrator.

11. The Court affirms its findings that the Settlement Class meets the relevant

requirements of Federal Rule of Civil Procedure 23, for only the purposes of the Settlement, namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Class Representatives are typical of absent Settlement Class Members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent Class Counsel to prosecute the Action; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate.

12. Therefore, the Court finally certifies the following Settlement Class:

> "All Group 1 Settlement Class Members and Group 2 Settlement Class Members. Group 1 Settlement Class Members means Settlement Class Members who were portal users, non-portal bill pay users, and non-portal scheduling users between September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 1,585,092 Settlement Class Members. Group 2 Settlement Class Members means Settlement Class Members who were non-portal/non-bill pay/non scheduling patients between September 16, 2018 through the date that the Court issues the Order granting preliminary approval, which the Parties estimate to be approximately 946,231 Settlement Class Members."

13. Excluded from the Settlement Class are: (a) Defendant and its respective officers and directors; (b) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; and (c) the Judge and/or magistrate assigned to evaluate the fairness of this settlement.

14. Judgment shall be entered dismissing the Action with prejudice, on the merits.

15. Upon the Effective Date, every Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including

Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

16. "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, lawsuits, complaints, set-offs, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and costs, losses, rights, demands, charges, debts, contracts, penalties, and/or obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct or indirect, matured or not matured, individual or representative, of every nature and description whatsoever, based on the Action, against Released Parties, or any of them, arising out of any facts, transactions, events, matters occurrences, acts, disclosures, statements, representations, omissions, or failures to act regarding the alleged disclosure, use, interception, or transfer of information through Tracking Technologies on the Web Properties. The Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute an action in contravention of a Final Approval Order and Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval order and Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement. If so requested by Defendant or Defendant's counsel, Class Counsel shall provide this notice. Plaintiffs and all Settlement Class Members who do not timely and

validly opt-out of the Settlement shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice.

17. "Released Parties" means Defendant and the Defendant Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, owners, religious sponsor, directors, officers, principals, employees, agents, attorneys, insurers, and reinsurers.

18. The Released Claims include the release of Unknown Claims. For the avoidance of doubt, no claims involving personal injury are included in the Released Claims.

19. Notwithstanding any term herein, neither Defendant nor its Released Parties shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, and Class Counsel, and do not release any claim that does not arise out of or relate to the claims asserted in this Action or the matters resolved by this Settlement Agreement.

20. Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

21. If this Settlement Agreement is terminated or fails to become effective for the reasons in the Settlement Agreement the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Settlement Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante with respect to the Action as if this Settlement Agreement had never been entered into.

22. Neither this Order, the Settlement Agreement, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission

of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Defendant Released Parties or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendant Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Defendant Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or defense or counterclaim.

23. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

**Application for Attorneys' Fees, Costs, and Service Awards**

24. The Court awards attorneys' fees and expenses to Class Counsel in the amount of $4,166,666.67. The Court concludes Class Counsel's requested fee award is within the range of reason.

25. The Court awards a service award of $3,500 to each Class Representative. This amount is equal to service awards in similar class action cases and well within the range of reason.

26. Defendant is authorized and directed to make these payments in accordance with the Class Action Settlement Agreement.

**Conclusion**

For the reasons stated herein, Plaintiffs' Motion for Final Approval of Class Action Settlement [Doc. No. 62] and Plaintiffs' Motion for an Award of Attorneys' Fees and Class

Representative Awards [Doc. No. 59] ARE GRANTED. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith.

Date: 9/24/2026

KATE M. FOGARTY, CLERK